UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ALFONSO HERNANDEZ,<br><br>    Defendant. | No. 1:12-cr-00382-NODJ-BAM<br><br>ORDER GRANTING IN PART AND DENYING IN PART THE GOVERNMENT'S MOTIONS FOR AN ORDER FINDING A PARTIAL WAIVER OF ATTORNEY-CLIENT AND WORK PRODUCT PRIVILEGES, AMENDING BRIEFING SCHEDULE AND DIRECTING THE CLERK OF COURT TO REFLECT A NEW ADDRESS OF RECORD FOR DEFENDANT-MOVANT<br><br>(Doc. No. 123, 127) |

On June 29, 2016, following a two day jury trial, defendant Alfonso Hernandez was found guilty on both counts in which he was charged. (Doc. No. 62.) On February 27, 2017, defendant Hernandez was sentenced to the custody of the U.S. Bureau of Prisons for an aggregate term of 210 months. (Doc. Nos. 81, 82.) He appealed from that judgment of conviction and the judgment was thereafter affirmed by the Ninth Circuit on October 16, 2018. (Doc. No. 118.) On March 2, 2020 defendant Hernandez filed with this court a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 118.) On December 13, 2022, the court issued an order setting a briefing schedule as to that motion. (Doc. No. 122.)[1]

//////

---

[1] It appears that, unfortunately, defendant's filing of the pending § 2255 motion was not brought to the court's attention in 2020.

1

On January 17, 2023, the government first moved for an order finding that defendant Hernandez had partially waived his attorney client and work product privileges by filing his § 2255 motion in which he asserted four grounds of ineffective assistance of his trial counsel. (Doc. No. 123.) On May 24, 2023, the government again moved for such an order regarding waiver of the privileges and for an extension of time of the briefing scheduled on the pending § 2255 motion. (Doc. No. 127.)[2] Thus, both of the government's motions seeking an order finding that defendant-movant Hernandez, as a result of his pending § 2255 motion (Doc. No. 120), partially waived the attorney-client privilege with respect to the matters raised in his ineffective assistance of trial counsel claims remain pending before the court.

Unless, in accordance with the instructions below, petitioner chooses to withdraw his § 2255 motion in which he alleges that he received ineffective assistance from his trial counsel, the government's application will be granted as follows:

(1) The attorney-client privilege of defendant Hernandez is found to be waived with respect to all communications between him and his former trial counsel, Victor Chavez, concerning events and facts related to defendant's claims of ineffective assistance of trial counsel asserted in defendant's § 2255 motion filed in *United States v. Alfonso Hernandez*, No. 1:12-cr-00382-NODJ-BAM (E.D. Cal.).

(2) The work product privilege is found to be waived with respect to all work product of attorney Victor Chavez, concerning events and facts related to defendant's claims of ineffective assistance of trial counsel asserted in the pending § 2255 motion.

(3) Attorney Victor Chavez may provide the government with a declaration addressing attorney-client communications concerning events and facts related to the ineffective assistance of counsel claims presented in defendant's § 2255 motion and may communicate with government counsel to ensure that all issues are adequately addressed in any such declaration.

/////

---

[2] On December 1, 2023, due to the elevation of the previously assigned district judge, this case was temporarily reassigned to the NODJ caseload. (Doc. No. 134.)

(4) To the extent the government's request is broader than this order, it is denied without prejudice, subject to renewal by motion providing further information as to the necessity of the production of such documents.

(5) The government shall not use for any purpose or disclose to any party or in any proceeding beyond this action the privileged material it obtains in connection with the pending § 2255 motion proceeding.  *See Lambright v. Ryan*, 698 F.3d 808, 818 (9th Cir. 2012); *Bittaker v. Woodford*, 331 F.3d 715, 722, 728 (9th Cir. 2003).

Alternatively, if in light of the above finding of the waiver of these privileges, petitioner wishes to abandon his § 2255 motion in which he has asserted ineffective assistance of counsel, he must notify this court within twenty-one (21) days from the date of this order by withdrawing his § 2255 motion.[3]  Petitioner's failure to do so within the time provided will be deemed by the court to be a confirmation of the portion of this order finding petitioner's waiver of the attorney client and work product privileges.

In light of the granting of the government's motion finding a partial waiver of the attorney-client and work product privileges, the court will also grant the government's motion for a modification of the briefing schedule as to defendant's pending § 2255 motion.  The government's opposition to defendant Hernandez's § 2255 motion is now due on or before April 19, 2024.  Any reply by defendant Hernandez is now due for filing on or before May 20, 2024.

Finally, the court notes that the last two court orders reassigning this case which were served on defendant Hernandez by mail at his address of record but were returned to the court as undeliverable.  According to the U.S. Bureau of Prisons inmate locator, defendant Hernandez is now imprisoned at FCI Thomson with a current address of:

>   Alfonso Hernandez
>   Register No. 42496-298
>   FCI Thomson
>   1100 One Mile Road
>   Thomson, IL   61285

---

[3] The court notes that all four grounds for relief asserted in the pending § 2255 motion are based upon the alleged ineffective assistance of trial counsel and that no other claims are asserted.

The court will direct the Clerk of the Court to correct defendant Hernandez's address of record on the docket.  However, the court also advises defendant Hernandez that it is his responsibility to advise the court of any change in his address of record.  His failure to do so in the future may result in the denial of any pending motion(s) he has filed.

For the reasons explained above:

1. The government's motions (Doc. Nos. 123, 124) are granted in part and denied in part;

2. Defendant Hernandez, if he chooses to do so, has twenty-one (21) days from the date of this order to notify the court that he no longer wishes to proceed with his pending § 2255 motion asserting ineffective assistance of counsel claims;

3. In the event defendant Hernandez indicates he wishes to proceed or does not respond to this order within twenty-one days, he will be deemed by the court to have confirmed the portion of this order finding his partial waiver of the attorney client and work product privileges;

4. Should defendant continue to pursue the relief sought by the pending § 2255 motion (either by failing to respond to this order or filing notice that he continues to seek the requested relief, the briefing schedule as to that motion is modified with the government's opposition to the § 2255 motion now due for filing on or before April 19, 2024 and any reply by defendant Hernandez now due for filing on or before May 20, 2024; and

5. The Clerk of the Court is directed to update defendant Hernandez's address of record as indicated above.

IT IS SO ORDERED.

Dated: **January 12, 2024**

UNITED STATES DISTRICT JUDGE