UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 1:12-cr-00382-DAD-EPG-1 |
| Plaintiff, | |
| v. | ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT HIS SENTENCE UNDER 28 U.S.C. § 2255 |
| ALFONSO HERNANDEZ, | |
| Defendant. | (Doc. No. 120) |

Defendant Alfonso Hernandez ("Movant") is a federal prisoner proceeding *pro se* with a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Doc. No. 120.) Having considered the parties' briefing, and for the reasons explained below, his motion for relief pursuant to § 2255 will be denied.

**BACKGROUND**

On May 16, 2012, a state search warrant for Movant's residence was executed, leading to the discovery of controlled substances and child pornography. (Doc. No. 73 at 4–5.) Movant was arrested on state charges for possession of controlled substances before being released. (*Id.*) Movant then failed to appear in the ensuing state court criminal proceeding. (*Id.* at 5.) He traveled to Mexico in September 2012. (*Id.* at 10.) On November 1, 2012, a federal indictment was returned by a grand jury of this district charging Movant with two counts of receipt or

1

distribution of material involving the sexual exploitation of minors in violation of 18 U.S.C. § 2252(a)(2).  (Doc. No. 1.)

On September 17, 2014, Movant was arrested upon his re-entry into the United States in the Southern District of California and was then transferred to the Eastern District of California to be arraigned on the federal indictment on October 2, 2014.  (Doc. Nos. 3-1 at 1–2; 4; 73 at 5.)

Between the Movant's arraignment on the federal charges and when his federal trial commenced before the undersigned on June 28, 2016, the government calculates that all but 37 days under the Speedy Trial Act were properly excluded and, as a result, 33 days remained unexpired on the Speedy Trial Act clock.  (Doc. No. 139 at 8–9.)  Most of the exclusions of time were requested by defense counsel for purposes of allowing the defense sufficient time to prepare.  (*Id.* at 9, 28–29.)  Movant was present in court, in custody, on several occasions when the court excluded time, and Movant never expressed any objection to those exclusions of time under the Speedy Trial Act's provisions.  (Doc. Nos. 4, 10, 12, 13, 15, 43, 95, 99, 100, 101, 103, 137.)  Early on in his federal prosecution Movant did raise concerns that his speedy trial rights were violated based on his time spent in Mexico following his indictment, but not because of any exclusions of time following his return to the United States.  (Doc. Nos. 93; 139 at 29.)  When Movant objected to any further exclusion of time in his case, counsel allowed the speedy trial clock to run until trial commenced.  (Doc. Nos. 35, 46.)

Following a two-day trial which commenced on Jun 28, 2016 and during which the government called four witnesses including Movant's stepson ("Adam"), the jury returned guilty verdicts on both counts.  (Doc. Nos. 61, 62.)

In the presentence report, the United Staes Probation Office calculated Movant's  advisory sentencing guideline range to call for a sentence of between 262 and 327 months imprisonment, but recommended a downward variance to a sentence of 240 months on each count with those terms to be served concurrently.  (Doc. No. 73 at 3.)  The government argued for a sentence of 262 months incarceration, and Movant's counsel sought a 120 month term of imprisonment on his behalf.  (Doc. Nos. 78 at 3; 80 at 1.)  At sentencing, defense counsel went into significant detail regarding Movant's health issues in arguing for a downward variance from the advisory

sentencing guideline range.  (Doc. No. 108 at 14.)  The court ultimately did vary downward, imposing concurrent 210–month terms of imprisonment on Counts 1 and 2, to be followed by concurrent 120–month terms of supervised release and mandatory special assessments in the total amount of $200.  (Doc. Nos. 81, 82, 108 at 27.)

Movant appealed from the judgment of conviction and sentence, arguing that the Speedy Trial Act had been violated and that the court made inadequate findings of fact to support the sentence imposed.  *United States v. Hernandez*, 740 F. App'x 124, 125 (9th Cir. 2018).  The Ninth Circuit affirmed the judgment and sentence.  *Id.*

On March 2, 2020, Movant filed the pending motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255.  (Doc. No. 120.)  On April 15, 2024, the instant action was reassigned to the undersigned.  (Doc. No. 138.)  On April 19, 2024, the United States filed an opposition to the pending motion.  (Doc. No. 139.)  Movant did not file a reply.

## LEGAL STANDARDS

### A.    28 U.S.C. § 2255 Motions

A federal prisoner collaterally attacking the validity of their conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255, filed in the court which imposed the sentence.  *United States v. Monreal*, 301 F.3d 1127, 1130 (9th Cir. 2002); *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988).  Section 2255 provides four grounds upon which a sentencing court may grant relief to a federal prisoner: (1) The sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) it is otherwise subject to collateral attack.  28 U.S.C. § 2255(a); *see also Davis v. United States*, 417 U.S. 333, 344–45 (1974); *Monreal*, 301 F.3d at 1130; *United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999).  Both the grounds for relief and the scope of the remedy in a § 2255 proceeding are identical to those available to state prisoners under 28 U.S.C. § 2254, the federal habeas corpus statute.  *Davis*, 417 U.S. at 343–44.

To warrant the granting of relief on a § 2255 motion, the petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or

3

influence on the guilty plea or the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now that *Brecht*'s harmless error standard applies to habeas cases under section 2255, just as it does to those under section 2254."). Thus, relief is warranted only where a petitioner has shown "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis*, 417 U.S. at 346; *see also United States v. Gianelli*, 543 F.3d 1178, 1184 (9th Cir. 2008).

A district court presented with a request for an evidentiary hearing on a § 2255 motion must determine whether a factual basis exists in the record to support a movant's claims and, if not, whether an evidentiary hearing "might be appropriate." *Baja v. Ducharme*, 187 F.3d 1075, 1078 (9th Cir. 1999). "To warrant a hearing . . . the movant must make specific factual allegations which, if true, would entitle him to relief." *United States v. Moss*, No. 2:03-cr-00550-WBS-DAD, 2015 WL 251890, at *5 (E.D. Cal. Jan. 20, 2015) (citing *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011)). "[A] district court must grant a hearing to determine the validity of a petition brought under [§ 2255], '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255); *see also United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996). In the context of a § 2255 motion presenting ineffective assistance of counsel claims, if the "petitioner has not 'raised any factual disputes regarding counsel's performance that require resolution in an evidentiary hearing, and that, if decided in his favor, would entitle him to relief,'" then "an evidentiary hearing is not necessary or appropriate." *Liggins v. McDonald*, No. 2:09-cv-01777-GEB-EFB, 2012 WL 2065049, at *8 (E.D. Cal. June 6, 2012) (quoting *West v. Ryan*, 608 F.3d 477, 489 (9th Cir. 2010)); *see also United States v. Burrows*, 872 F.2d 915, 918 (9th Cir. 1989) (concluding that an evidentiary hearing need not be held where "the record conclusively shows that [movant's] trial attorney was not ineffective."). Finally, relief may be summarily denied without a hearing if the motion contains no more than conclusory allegations. *United States v. Quan*, 789 F.2d 711, 715 (9th Cir. 1986); *see also United States v. Howard*, 381 F.3d 873, 879 (9th Cir. 2004); *United Sates v. Leonti*, 326 F.3d 1111, 1116

/////

4

(9th Cir. 2003) (to be entitled to an evidentiary hearing the movant must provide specific factual allegations which, if true, would state a claim upon which § 2255 relief could be granted).

**B.      Ineffective Assistance of Counsel Claims**

The clearly established federal law governing ineffective assistance of counsel claims such as those presented in the pending motion is that set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).  To succeed on such a claim, a defendant must show that: (1) his counsel's performance was deficient; and (2) the "deficient performance prejudiced the defense." *Id*. at 687; *see also United States v. Juliano*, 12 F.4th 937, 940 (9th Cir. 2021).  "If either prong is not met, [the Court] must dismiss the claim." *United States v. Sanchez-Cervantes*, 282 F.3d 664, 672 (9th Cir. 2002); *see also Rios v. Rocha*, 299 F.3d 796, 806 (9th Cir. 2002) ("Failure to satisfy either prong of the Strickland test obviates the need to consider the other.") (citation omitted).  "[T]here is a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 689.); *see also United States v. McGowan*, 668 F.3d 601, 605 (9th Cir. 2012).  A petitioner must rebut this presumption by demonstrating that his counsel's performance was unreasonable under prevailing professional norms and was not the product of sound trial strategy. *Strickland*, 466 U.S. at 688–89.  Thus, "strategic choices made after thorough investigation of [the relevant] law and facts relevant to plausible options are virtually unchallengeable." *Id*. at 690.  In short, judicial scrutiny of counsel's performance is highly deferential, and thus the court must evaluate counsel's conduct from counsel's perspective at the time it occurred, without the benefit of hindsight. *Id*. at 689; *see also Richter*, 562 U.S. at 104 ("Counsel's errors must be 'so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'") (quoting *Strickland*, 466 U.S. at 687).

As noted above, even where counsel's performance is found to be deficient, in order to prevail on an ineffective assistance claim a petitioner is required to show that his counsel's conduct prejudiced him. *Strickland*, 466 U.S. at 691–92.  To establish prejudice, a petitioner must demonstrate that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.  A reasonable

5

probability is one "'sufficient to undermine confidence in the outcome'" but is "less than the preponderance more-likely-than-not standard." *Summerlin v. Schriro*, 427 F.3d 623, 640, 643 (9th Cir. 2005) (quoting *Strickland*, 466 U.S. at 693–94). Nonetheless, "[t]he likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 112.

**DISCUSSION**

**A.      Claim One**

Movant argues that his trial counsel performed ineffectively by failing to object, presumably by way of a motion to dismiss, on Speedy Trial Act grounds on several occasions prior to the commencement of his trial. (Doc. No. 120 at 4.) In its opposition, the government argues that the Speedy Trial Act clock did not run during the time Movant was in Mexico as a fugitive and as a result he was not entitled to dismissal of the charges because no Speedy Trial Act violation occurred. (Doc. No. 139 at 18–20.) For the same reason, the government argues, Movant suffered no prejudice as a result of his counsel not filing a meritless motion to dismiss. (*Id.* at 20–21.)

Indeed, Movant complained throughout his prosecution that his speedy trial rights were violated because of the delay caused by his flight to Mexico. A motion to dismiss on these grounds would have been frivolous because time spent as a fugitive typically does not count towards the Speedy Trial Act or Sixth Amendment calculations. *See* 18 U.S.C. § 3161(h)(3)(A) (providing for exclusion of time during "[a]ny period of delay resulting from the absence or unavailability of the defendant"); 18 U.S.C.A. § 3161(h)(3)(B) ("[A] defendant or an essential witness shall be considered absent when his whereabouts are unknown and, in addition, he is attempting to avoid apprehension or prosecution or his whereabouts cannot be determined by due diligence[.]"); *United States v. Sandoval*, 990 F.2d 481, 485 (9th Cir. 1993) ("Sandoval was well aware of the indictment against him. He skipped bail and became a fugitive to avoid prosecution. On the record before us, we find no violation of Sandoval's Sixth Amendment speedy trial right."); *Boag v. Raines*, 769 F.2d 1341, 1344 (9th Cir. 1985) ("Failure to raise a meritless argument does not constitute ineffective assistance.").

/////

6

Regarding exclusions of time once he was in federal custody, Movant was present in court when time was excluded on several occasions, and he expressed no reluctance to the exclusion of time findings.  When Movant expressed reluctance to the further exclusion of time, the case was set for trial and proceeded expeditiously.  As such, counsel's strategic decisions to seek to exclude time under the Speedy Trial Act did not constitute ineffective assistance of counsel.  *See United States v. Bartschi*, No. 06-cr-00349-PHX-ROS, 2010 WL 4977128, at *4 (D. Ariz. Dec. 2, 2010) (finding that the petitioner's "claim for ineffective assistance of counsel fails" where time was properly excluded and "the record does not reflect Petitioner objecting to [his attorney's] motions to continue trial").

Nor would counsel have had any legitimate grounds upon which to move to dismiss pursuant to the Sixth Amendment based on Movant's time in custody.  "Simply to trigger a speedy trial analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay[.]"  *Doggett v. United States*, 505 U.S. 647, 651–52 (1992).  If the delay was presumptively prejudicial, the court considers "whether delay before trial was uncommonly long, whether the government or the criminal defendant is more to blame for that delay, whether, in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the delay's result."  *Id.* at 651.

Movant was re-arrested on September 17, 2014, and the jury trial in this case commenced on June 28, 2016.  The relevant post-accusation delay was therefore at most one year and nine months, which does qualify as presumptively prejudicial since it exceeded one year.  *Id.* at 652 n.1.  However, the post-accusation delay only exceeded the minimum for consideration by nine months, most delays were at defense counsel's request, defendant did not assert his speedy trial right until after requesting numerous continuances, and the only claimed prejudice to Movant was that the delay had a "deleterious effect on [a] key witness's (stepson) memory."  (Doc. No. 120 at 4.)  Under these circumstances, any motion to dismiss on Sixth Amendment grounds would have been fruitless.  *United States v. King*, 483 F.3d 969, 976 (9th Cir. 2007) (finding that "the reason for the delay, which is the focal point of the inquiry, weighs heavily against finding a Sixth Amendment violation" where "[t]he district judge granted continuances at the request of [the

7

defendant] and his attorney"); *United States v. Corona-Verbera*, 509 F.3d 1105, 1116 (9th Cir. 2007) ("Corona-Verbera asserted his right to a speedy trial only after he had asked for eight continuances, including one request after objecting to a continuance requested by the government. Because Corona-Verbera asserted his speedy trial right only after requesting numerous continuances, we find this factor weighs neither in favor of dismissal nor in favor of the government."); *id.* at 1112 ("'Generalized assertions of the loss of memory, witnesses, or evidence are insufficient to establish actual prejudice.' Consequently, Corona-Verbera must show both that lost testimony, witnesses, or evidence 'meaningfully has impaired his ability to defend himself,' and '[t]he proof must demonstrate by definite and non-speculative evidence how the loss of a witness or evidence is prejudicial to [his] case.'") (citations omitted). As such, it did not constitute ineffective assistance for defense counsel to decline to bring a motion to dismiss pursuant to the Sixth Amendment. *Boag*, 769 F.2d at 1344 ("Failure to raise a meritless argument does not constitute ineffective assistance.").

**B.    Claim Two**

Next, Movant argues that the district court should have appointed a guardian *ad litem* before allowing a minor witness, his stepson, to testify at trial, and that it constituted ineffective assistance of counsel for his attorney not to request as much. (Doc. No. 120 at 5.) Movant represents that "[t]he district court allowed the government more than two years to cajole and convince a minor to testify[,]" and "[t]he government never explained to the child the purpose or importance of the child's testimony." (*Id.*)

Movant's argument in this regard is unavailing because he does not even attempt to demonstrate that the "trial court's admission of" the minor witness's "testimony rendered the trial so fundamentally unfair as to violate due process." *Williams v. Woodford*, 384 F.3d 567, 593 (9th Cir. 2004) ("Williams argues that the trial court's improper admission of Samuel Coleman's coerced testimony violated Williams's constitutional right to due process. Although Williams lacks standing to complain about infringements of Coleman's constitutional rights, Williams is entitled to habeas relief if the trial court's admission of Coleman's testimony rendered the trial so fundamentally unfair as to violate due process.") (citations omitted); *see id.* at 596 ("There is also

8

no evidence that the admission of Coleman's trial testimony deprived Williams of a fair trial in violation of due process.  Williams does not allege that Coleman's trial testimony was false, or that the state at any time instructed Coleman in how to inculpate Williams or in what to say on the witness stand.").

Moreover, any specific right to appointment of a guardian *ad litem*[1] would belong to the minor witness himself.  *See United States v. Green*, No. 4:25-mj-1115-RJ, 2025 WL 3704020, at *1 (E.D.N.C. Dec. 22, 2025) ("The court agrees with the government that appointment of a guardian ad litem is necessary to protect *the rights of the crime victims* in this case where the Minors' parents, who are Defendant and an alleged co-perpetrator, have interests adverse to the victims.") (emphasis added).  Movant lacks standing to raise a claim based upon the purported violation of the rights of this minor witness.  *See Harris v. Gastello*, No. 2:19-cv-06820-PA-SP, 2023 WL 9420836, at *3 (C.D. Cal. Aug. 28, 2023) ("[C]riminal defendant 'does not have standing to raise the rights of other persons whose rights may have been violated in the course of this investigation[.]'") (quoting *United States v. Mitchell*, 915 F.2d 521, 526 (9th Cir. 1990)), *report and recommendation adopted,* No. 2:19-cv-06820-PA-SP, 2023 WL 9420832 (C.D. Cal. Sept. 28, 2023); *Woods v. Dep't of Child & Fam. Servs.*, No. 15-cv-00004-BMM-JTJ, 2015 WL 5785589, at *5 (D. Mont. Sept. 29, 2015) ("Ms. Woods can only raise claims based upon the violation of her personal rights; she cannot raise a claim based on the rights of someone else."), *report and recommendation adopted,* No. 15-cv-00004-GF-BMM, 2015 WL 5786611 (D. Mont. Sept. 29, 2015).

/////

---

[1] The court need not and does not decide whether such a right exists.  *See Sierra v. Schriro*, No. 06-cv-00350-PHX-ROS, 2008 WL 2065949, at *11 (D. Ariz. May 13, 2008) ("Moreover, Petitioner has failed to cite any authority for the proposition that he had a constitutional right to the appointment of a 'guardian *ad litem*.'  Thus, if the appointment of a 'guardian *ad litem*' to assist him in his criminal trial was not available under Arizona law, or otherwise constitutionally mandated, his trial counsel could not have been ineffective for failing to request the same."); *cf. V.C. by & through Anaya v. Hunterwood Techs. USA, Ltd.*, No. 21-cv-00888-AJB-LR, 2023 WL 2914284, at *1 (S.D. Cal. Apr. 11, 2023) ("Courts have a special duty to safeguard the interests of litigants in *civil* litigation who are minors.") (emphasis added) (citing Fed. R. Civ. P. 17(c)(2)), *report and recommendation adopted,* No. 21-cv-00888-AJB-LR, 2023 WL 4047589 (S.D. Cal. Apr. 17, 2023).

9

## C.     Claim Three

Movant also contends that this court "failed to comply with either due process or 18 U.S.C. § 3553(a) when calculating the sentence," and that his trial counsel rendered ineffective assistance in both failing to object and failing to present all of Movant's health conditions for consideration at the time of his sentencing.  (Doc. No. 120 at 6.)

The court finds that its calculation of the advisory sentencing guideline range at the time of Movant's sentencing was correct and, therefore, that neither the court nor defense counsel erred in that regard.  *United States v. Simental*, No. 2:15-cr-00002-CAS, 2017 WL 3197216, at *4 (C.D. Cal. July 25, 2017) ("Simental has not made a plausible claim suggesting that the calculation of his Criminal History Score was false or misleading.  Consequently, Simental has failed to show any prejudice that his lawyer could have prevented.  Therefore, counsel's representation 'cannot be deemed ineffective' in that regard.").  Moreover, Movant suffered no demonstrable prejudice resulting from the court's guideline calculation because he does not suggest an alternative guideline range and as such cannot demonstrate that any such alternative would have resulted in the imposition of a lower sentence in his case.  This is particularly true in light of the fact that the court varied downward to impose a sentence 52 months below the low end of the guideline range as found by the court.  *Rocha-Chacon v. United States*, No. 19-cv-00079-TUC-RM, 2019 WL 4976995, at *3 (D. Ariz. Oct. 8, 2019) ("Movant has not shown that, but for this error, the result of the proceeding would have been different.  . . .  Furthermore, the Court ultimately granted Movant a significant downward variance from the guideline range due to the particular facts and circumstances of her case.").

## D.     Claim Four

Finally, Movant argues that his trial counsel should have advised him to plead guilty without a plea agreement in order to receive acceptance of responsibility in connection with the calculation of the advisory sentencing guideline range.  (Doc. No. 120 at 8.)

Movant's argument is without merit because the record before the court indicates that his counsel repeatedly advised him that counsel believed a guilty plea would be Movant's best option to pursue.  (Doc. No. 139 at 28–31) (Chavez Decl.).  Further, even if Movant received -3

10

downward adjustment to his offense level calculation based upon a timely acceptance of responsibility, the sentence he received would still constitute a downward variance from the resulting guideline range, meaning there was no prejudice. *Rocha-Chacon*, 2019 WL 4976995, at *3 ("Movant has not shown that, but for this error, the result of the proceeding would have been different. . . . Furthermore, the Court ultimately granted Movant a significant downward variance from the guideline range due to the particular facts and circumstances of her case.").

Accordingly,

1.    Movant's motion to vacate, set aside, or correct his sentence (Doc. No. 120) pursuant to 28 U.S.C. § 2255 is DENIED without hearing;

2.    The court DECLINES to issue a certificate of appealability under 28 U.S.C. § 2253(c); and

3.    The Clerk of the Court is directed to once again CLOSE this case.

IT IS SO ORDERED.

Dated:    **March 3, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

11